UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LANE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV2080 RWS |
| | ) | |
| IRON MOUNTAIN INFORMATION | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on defendant's motion to dismiss plaintiff's state law public policy claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The motion will be granted.

A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of" a claim entitling him or her to relief. Breedlove v. Earthgrains Baking, 140 F.3d 797, 799 (8th Cir. 1998) (internal citations omitted). When considering whether to grant a motion to dismiss, the Court must assume that all allegations in the complaint are true and "construe all reasonable inferences" in the plaintiff's favor. Hafley v. Lohman, 90 F.3d 264, 267 (8th Cir. 1996) (citing McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir. 1992)).

However, to avoid dismissal for failure to state a claim, the plaintiff must allege facts sufficient to "raise the right to relief above the speculative level," not merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

Count III of plaintiff's amended complaint alleges that defendant fired plaintiff in retaliation for opposing racial discrimination in violation of Title VII, 42 U.S.C. § 1981, and the public policy of Missouri. Defendant moves to dismiss plaintiff's claim under Missouri law as preempted by § 1981, Title VII, and the Missouri Human Rights Act. In Missouri, employees such as plaintiff who do not have an employment contract are deemed "at will" employees and, accordingly, can generally be discharged with or without cause. Porter v. Reardon Mach. Co., 962 S.W.2d 932, 936 (Mo. Ct. App. 1998); Adolphsen v. Hallmark Cards, Inc., 907 S.W.2d 333, 335-36 (Mo. Ct. App. 1995); Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1988) (en banc). There is, however, an exception to the "at will" employment doctrine prescribing liability when the employee can show his employment was terminated based on a violation of public policy implicated by "statute, regulation based on a statute, or constitutional provision." Johnson, 745 S.W.2d at 661; Dunn v. Enterprise Rent-A-Car Co., 170 S.W.3d 1, 4 (Mo. Ct. App. 2005).

Missouri's "public policy" exception for at-will employees has been recognized by the Eighth Circuit Court of Appeals. Skinner v. Maritz, Inc., 253 F.3d 337, 342 (8th Cir. 2001); Saffels v. Rice, 40 F.3d 1546, 1550 (8th Cir. 1994); Kosulandich v. Survival Technology, Inc., 997 F.2d 431, 432 (8th Cir. 1993). The retaliatory discharge of an employee may give rise to a cause of action under the Missouri public policy exception in certain circumstances. See Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d. 1137, 1141 (E.D. Mo. 2007) (citing Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859, 871 (Mo. Ct. App. 1985)). However, even if true, the Court must still consider whether plaintiff's public policy claim is preempted by state or federal law. See Nichols v. American Nat'l Ins. Co., 945 F. Supp. 1242, 1246 (E.D. Mo. 1996). Under Missouri law, a statutory right of action supersedes and displaces common law remedies if the statutory remedy "fully comprehends and envelopes the remedies provided by common law." Dierkes v. Blue Cross and Blue Shield of Missouri, 991 S.W.2d 662, 668 (Mo. 1999); Huang, 520 F. Supp. 2d at 1142. Moreover, when the statute a plaintiff relies on to demonstrate a public policy contains a comprehensive remedial provision, a common law claim based on the same conduct is duplicative and unwarranted. Nichols, 945 F. Supp. at 1246 (citing Gannon v. Sherwood Medical Co., 749 F.Supp. 979, 981 (E.D . Mo. 1990) and Kramer v. St. Louis Regional

Health Care Corp., 758 F. Supp. 1317, 1318-19 (E.D. Mo. 1991)).

Applying these standards to the present case, I conclude that plaintiff's state-law public policy claim is preempted by both state and federal law. Plaintiff bases his public policy wrongful termination claim on violations related to Title VII and § 1981. "The MHRA, Title VII, and § 1981 undoubtedly comprehend and envelope Missouri's nebulous public policy exception to the employment-at-will doctrine." Gentry v. Home Depot, Inc., 2007 WL 781829, *3 (W.D. Mo. Mar. 13, 2007).[1] Because plaintiff's public policy claim is duplicative of the comprehensive statutory schemes of Title VII, § 1981, and the MHRA and unwarranted, that claim is dismissed. See Nichols, 945 F. Supp. at 1246 ("[B]ecause the statute upon which Plaintiff relies, i.e., Title VII, contains a comprehensive remedial provision, the Court concludes that allowing Plaintiff's claim for wrongful discharge based on a violation of public policy evinced by such statute would be duplicative and unwarranted."); Gannon, 749 F. Supp. at 981 ("Because each of the statutes on which plaintiff relies contains a remedial provision, the Court concludes that plaintiff's claim for recovery based on the

---

[1]That plaintiff was unable to plead a retaliation claim under the MHRA because he failed to exhaust his administrative remedies does not change the result. Indeed, as the Gentry court notes, "Allowing plaintiff to bypass these comprehensive statutory remedies and excusing [his] failure to follow their administrative procedures would undermine the very statutes on which Plaintiff's public policy claims are based." Gentry, 2007 WL 781829 at *3.

violation of a public policy evinced by both statutes is duplicative and unwarranted.") ; Kramer, 758 F. Supp. at 1318-19 (same); Osborn v. Prof. Serv. Indus. Inc., 872 F. Supp. 679, 681 (W.D. Mo. 1994) ("In order to survive a motion to dismiss, a claim of wrongful termination based on the public policy exception must be based on a policy which has no remedy in any statute, regulation, or constitutional provision."); Davis v. Bemiston-Carondolet Corp., 2005 WL 2452540, *15 (E.D. Mo. Oct. 4, 2005) (same).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#25] is granted, and plaintiff's public policy state law claim is dismissed.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2008.